UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WENDY MORRELL** )<br>**30191 Ethan Allen Court** )<br>**Millsboro, DE 19966** )<br>      **Plaintiff** )<br>)<br>V. )<br>)<br>**DELAWARE RIVER AND BAY AUTHORITY** )<br>**Cape May-Lewes Ferry** )<br>**1200 Lincoln Blvd** )<br>**North Cape May, NJ 08204** )<br>      **Defendant** )<br>) | Civ. Act. No.: |

**<u>PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

**<u>GENERAL FACTUAL ALLEGATIONS</u>**

1. The Plaintiff, Wendy Morrell, is a resident of Millsboro, Delaware

2. The Defendant, Delaware River and Bay Authority (DRBA) was created by a bi-state compact in 1962, which was approved by the U.S. Congress. The DRBA is overseen by six commissioners from New Jersey and six from Delaware.

3. The Defendant, DRBA operates the Cape May-Lewes Ferry.

4. At all times relevant to this action, DRBA's Cape May-Lewes Ferry operated as a common carrier, carrying passengers and vehicles in interstate commerce on the navigable waters of the United States, and in particular, from New Jersey across Delaware Bay to Delaware.

5. DRBA's Cape May-Lewes Ferry base operations are in Cape May, New Jersey.

6. On or about August 15, 2024, the Defendant, DRBA, owned the M/V CAPE HENLOPEN.

1

7. On or about August 15, 2024, the Defendant, DRBA, operated M/V CAPE HENLOPEN.

8. On or about August 15, 2024, the Defendant, DRBA, controlled M/V CAPE HENLOPEN.

9. The Defendant, DRBA chartered M/V CAPE HENLOPEN from some other person or entity such that, on or about August 15, 2024, the Defendant, Delaware River and Bay Authority, was the owner pro hac vice of M/V CAPE HENLOPEN.

10. On or about August 15, 2024, M/V CAPE HENLOPEN was in navigable waters.

11. On or about August 15, 2024, the Plaintiff, Wendy Morrell was a paying passenger aboard M/V CAPE HENLOPEN.

12. On or about August 15, 2024, the Plaintiff tripped and fell entering the main cabin on the M/V CAPE HENLOPEN.

13. On or about August 15, 2024, the Plaintiff, Wendy Morrell sustained serious and permanent injuries, which include but are not limited to a traumatic brain injury, concussion to post-concussion syndrome.

14. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, Wendy Morrell was exercising due care.

## JURISDICTION

15. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The Parties are diverse in that the Plaintiff is a resident of Delaware and DRBA's Cape May-Lewes Ferry base operations are in Cape May, New Jersey. The amount in controversy, exclusive of interests and costs, exceeds the sum specified by 28 U.S.C. § 1332. In the event that diversity

jurisdiction does not apply, this matter is being brought under the admiralty and maritime jurisdiction of the Court pursuant to 28 U.S.C. 1333.

## COUNT I
### MORRELL V. DELAWARE RIVER AND BAY AUTHORITY

16. The Plaintiffs reiterates the allegations set forth in paragraphs 1 through 15 above.

17. The Defendant had a duty to provide reasonable care to the Plaintiff Wendy Morrell.

18. The personal injuries sustained by the Plaintiff, Wendy Morrell, were not caused by any fault on her part, but were caused by the negligence of the Defendant, Delaware River and Bay Authority, its agents, servants and/or employees, including but not limited to the following:

   a. Failure to properly secure and maintain entryway, floor and/or carpet:

   b. Failure to properly maintain inspect the carpet, entrance, floor and doorway on the M/V CAPE HENLOPEN causing the Plaintiff's incident and injuries;

   c. Failure to warn Plaintiff of a potentially dangerous condition of the carpet, entrance, floor and doorway causing Plaintiff's incident and injuries;

   d. Failure to maintain the M/V CAPE HENLOPEN in a safe condition causing Plaintiff's incident and injuries;

   e. Failure to safely and properly operate the vessel; and

   f. Any other negligent acts that will be shown at trial.

19. As a result of said injuries, the Plaintiff, Wendy Morrell, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

   **WHEREFORE**, the Plaintiffs demands judgment against the Defendant, Delaware River and Bay Authority, for all damages recoverable under the law against the Defendant, Delaware River and Bay Authority, together with interest and costs.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED HEREIN**

        **Respectfully submitted for the
the Plaintiff, WENDY MORRELL
by his attorney,**

/s/ Mark Jaffe
Mark Jaffe, Esq.
McCann Dillon Jaffe & Lamb
Two Penn Center Plaza, Suite 1110
Philadelphia, PA 19102
Tel:  215-569-8488
Fax:  215-569-8288
mjaffe@mccanninjurylaw.com

**TO BE ADMITTED PRO HAC VICE**

/s/ Carolyn M. Latti
Carolyn M. Latti
Latti Associates LLC
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000
clatti@lattiassociates.com

Dated:  July 11, 2025